**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| **MERLINE SAMBO YABADI** | **CASE NO.  3:26-CV-00555 SEC P** |
| **VERSUS** | **JUDGE S. MAURICE HICKS, JR.** |
| **U.S. IMMIGRATION & CUSTOMS ENFORCEMENT** | **MAGISTRATE JUDGE LEBLANC** |

## REPORT AND RECOMMENDATION

Before the Court is Respondents' Motion to Dismiss Proceedings for Lack of Jurisdiction, in which Respondents' assert Petitioner's release from custody renders her claims in this matter moot.  Doc. 16.  This matter has been referred to the undersigned for review, report and recommendation pursuant to 28 U.S.C. § 636 and the standing orders of this court.  For the reasons set forth below, the undersigned recommends that the Motion to Dismiss be granted.

Petitioner, Merline Sambo Yabadi, a former ICE detainee, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 on February 20, 2026.  Doc. 1.  The only relief requested by Yabadi was release from ICE custody.  Id. at p. 7, ¶ 15 ("State exactly what you want the court to do:  Order my immediate release from ICE custody."). On March 24, 2026, Yabadi was released from ICE custody on bond and is no longer being detained.  *See* Government Exhibit A, doc. 16, att. 1.

The release from custody renders Yabadi's Petition for Writ of Habeas Corpus moot, as petitioner has demanded only her immediate release through these proceedings.  *See Goldin v. Bartholow*, 166 F.3d 710, 717 (5th Cir. 1999) ("[A] moot case presents no Article III case or controversy, and a court has no constitutional jurisdiction to resolve the issues it presents.").

Based on the foregoing,

**IT IS RECOMMNEDED** that the Motion to Dismiss Proceedings for Lack of Jurisdiction 12(b)(6) filed by the Government [doc. 16] be **GRANTED**, and the Petition for Writ of Habeas Corpus be **DISMISSED** without prejudice and that this proceeding be terminated.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

**THUS DONE AND SIGNED** in chambers this 20th day of May, 2026.

_____
**THOMAS P. LEBLANC**
**UNITED STATES MAGISTRATE JUDGE**